UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUGENE HART,
Plaintiff,

v.

TRUSTAGE LIFE INSURANCE,
Defendant.

Case No. 3:26-cv-04730-JSC

**DISMISSAL ORDER**

Re: Dkt. No. 8

Plaintiff Eugene Hart, who is representing himself, filed this action along with an application to proceed in forma pauperis. (Dkt. Nos. 1, 3). On May 26, 2026, Magistrate Judge Sallie Kim concluded Plaintiff's application to proceed in forma pauperis was deficient and directed Plaintiff to file an amended motion to proceed in forma pauperis. (Dkt. No. 4.) When Plaintiff failed to do so by the deadline, Judge Kim prepared a report and recommendation recommending the application to proceed in forma pauperis be denied and Plaintiff ordered to pay the filing fee. (Dkt. No. 6.) The Court thereafter reviewed Judge Kim's report and recommendation de novo, adopted it in full, and ordered Plaintiff to pay the filing fee by July 30, 2026, warning him failure to do so could result in dismissal of this action for failure to prosecute. (Dkt. No. 8.) To date, Plaintiff has not paid the filing fee and has not otherwise communicated with the Court.

Pursuant to Rule 41(b), the Court may dismiss an action for failure to prosecute or to comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv*., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may sua sponte dismiss an action pursuant to Rule 41(b)). "A Rule 41(b) dismissal must be supported by a showing of unreasonable delay." *Omstead v. Dell, Inc*., 594 F.3d 1081, 1084 (9th Cir. 2010) (cleaned up). In determining whether a

Rule 41(b) dismissal is appropriate, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Id*. (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (cleaned up).

Here, four of the five *Henderson* factors weigh in favor of dismissal. "The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980) (cleaned up). By failing to respond to the Court's orders Plaintiff has delayed adjudication of this action. Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Further, this is one of more than 50 cases Plaintiff has filed in this District in the last six months, many of which have been dismissed for failure to prosecute. *See Hart v. Lewis*, No. 26-4731-RFL, Dkt. No. 9 (N.D. Cal. Jul. 9, 2026 Order). As a result, Plaintiff has been ordered to show cause why he should not be declared a vexatious litigant. *Id.*

As for the third factor, while "the pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal," the delay caused by Plaintiff's failure to prosecute this action despite the Court's orders weighs in favor of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999).

The fourth factor is the availability of less drastic sanctions. The Court already cautioned Plaintiff failure to respond would result in dismissal of this action. (Dkt. No. 8.) Thus, the Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdick*, 963 F.2d at 1262 ("A district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of

United States District Court
Northern District of California

[less drastic sanctions] requirement.'"). The fourth factor thus weighs in favor of dismissal.

The last factor, which favors disposition on the merits, definitionally weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

In sum, four of the five relevant factors weigh strongly in favor of dismissing this action in its entirety. *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal). The Court therefore DISMISSES this action with prejudice pursuant to Federal Rule of Civil Procedure 41.

**IT IS SO ORDERED.**

Dated: August 10, 2026

JACQUELINE SCOTT CORLEY
United States District Judge